REID (UNITED STATES v.). See Cases Nos. 16,140 and 16,142.

## Case No. 11,670.

### REID v. The VERE.

[Bee, 66.] [1]

District Court, D. South Carolina.   Jan. 22, 1795.

NEUTRALITY—CAPTURE BY PRISONERS—RESTITUTION.

French prisoners on their way to England, seized the ship in which they were, and brought her into this port. The court has not power to order restitution, either by the law of nations, or consistently with the treaty between the United States and France.

Before BEE, District Judge.

All the facts in this case were admitted. The libel states that the ship Vere, belonging to British subjects, was employed by that government in conveying a number of French prisoners from Jamaica to England. Having, on the voyage, parted from the convoy, the prisoners took the command of the vessel from the captain, and carried her into the port of Georgetown, in this state, where she was run on shore. Part of her stores and other articles were landed, and are now under the care of the collector of that port. Restitution is required from this court, under the law of nations. The French captors plead in bar that they had a right to make this capture, and rely not only upon the law of nations, but also upon the treaty between us and France. It was contended for the actor that the seizure was made without any commission; and that the vessel, having been brought into a neutral port, must be restored, though she might have been claimed by the sovereign power, if carried infra præsidia of France. To this point have been cited Vat. 3, 46, and Molloy, 9, 10. But these authorities do not appear to me applicable here.

For the claimants it was insisted, that as there has been no breach of our neutrality, this court cannot interfere. That either party may, in a like situation, enter our ports, and that the treaty with France even permits this to the British, for a short time. That the right of capture not being denied, an asylum must be granted to their captors, who are in transitu to the præsidium of their own country, and have a right to depart unmolested.

I have considered this case with attention. The law of nations upon the point is clearly expressed in Vat. 3, 14, 208. And the 17th article of the treaty with France seems to have been grounded on the principle there laid down; for it goes the full length of it. By that article, even British captors thus circumstanced, would have been protected against any interference of this court, further than an injunction to withdraw from our harbours. Surely, then, the treaty with France cannot operate so as to put these citizens of France in a worse situation than their enemies. Upon the whole, I am of opinion,

———

[1] [Reported by Hon. Thomas Bee, District Judge.]

that the plea to the jurisdiction must be sustained. But I shall dismiss the libel without costs, as the actor might reasonably think himself bound to apply to this court in the first instance. Let each party pay his own costs and expenses.